Lynn Hubbard III, SBN 69773
**Disabled Advocacy Group, APLC**
12 Williamsburg Lane
Chico, CA 95926
Telephone:  (530) 895-3252
Facsimile:  (530) 894-8244
Email: USDCCentral@HubsLaw.com

Attorneys for Plaintiff

United States District Court

Central District of California

| | |
|---|---|
| Martin Vogel, | Case No. 2:13-cv-00288-MMM-E |
| Plaintiff, | **Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment** |
| vs. | |
| Rite Aid Corp., et al., | [Fed. R. Civ. P. 55] |
| Defendants. | Date:    July 1, 2013
Time:    10:00 a.m.
Room:   780

Honorable Margaret M. Morrow

*No oral argument unless requested by the Court* |

1 On March 13, 2013, the Clerk of this Court entered the default against defendant William J. Knight, Trustee of the William J. Knight Living Trust dated May 11, 2000 ("the defendant" or "Knight"). Docket No. 140. The defendant is not a minor or infant or incompetent person or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Despite the fact that the defendant has not appeared in this action, Knight was served with this motion on April 24, 2013. Fed. R. Civ. P. 55(b)(2).

## BACKGROUND[1]

Because the allegations in the complaint relating to liability are taken as true in a default proceeding, *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987), the facts of this case are as follows:

Plaintiff Martin Vogel ("the plaintiff" or "Vogel") has multiple physical impairments and is disabled under all meanings of federal and state law. Prior to filing his complaint, he went to the Rite Aid store located at 139 North Grand Avenue, Covina, California ("the store") to use its goods and services. While there, Vogel had difficulties parking his vehicle because of architectural barriers, as Knight failed to comply with the ADA Accessibility Guidelines ("ADAAG") or California's Building Code ("CBC") requirements in the parking lot. Based on these facts, the defendant violated the Americans with Disabilities Act of 1990 ("ADA"), by failing to make its facility readily accessible to the disabled and denying him full and equal access. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A), 12183(a); and, by violating these access requirements in a manner that related to his disability and caused him difficulties, Knight also violated California's Unruh Civil Rights Act ("Unruh Act") on at least one occasion and deterred

---

[1] Unless specified otherwise, the facts of this section are drawn from plaintiff's complaint (*i.e.*, Docket No. 1).

*Vogel v. Rite Aid Corp., et al.*, Case No. 2:13-cv-00288-MMM-E
Memorandum of Points & Authorities in Support of Motion for Default Judgment

-2-

from visiting on at least two other. Calif. Civil Code §§ 51(a), 55.56. Vogel is thus entitled to $12,000 in statutory damages, an injunction to remove the parking lot barriers, attorney fees in the amount of $1,320 under L.R. 55-3, and costs in the amount of $419.20 under L.R. 54-3 for the state law claims – a total default judgment award of $13,739.20.

## STATUTORY FRAMEWORK

### A. Title III of the Americans with Disabilities Act of the 1990

Described as one of the most important civil rights statutes passed in this century, *EEOC v. Prevo's Family Mkt.*, 135 F.3d 1089, 1098 (6th Cir. 1998), the ADA was enacted with the goal of assuring "equality of opportunity, full participation, independent living, and economic self-sufficiency for [the disabled]." 42 U.S.C. § 12101(a)(8). In addition to "outright intentional exclusion," and "relegation to lesser services [and] benefits," other problems identified by Congress include the discriminatory effects of architectural barriers and the failure to modify existing facilities and practices. 42 U.S.C. § 12101(a)(5). Congress enacted the ADA to provide a clear and comprehensive national mandate for the elimination of discrimination against the disabled, 42 U.S.C. § 12101(b)(1), and to bring them into the economic and social mainstream of American life "in a clear, balanced, and reasonable manner." *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 873 (9th Cir. 2004) ("*DRAC*"), *citing* 1990 U.S.C.C.A.N. 303, 381. In so doing, Congress recognized that society has, despite some improvements, tended to isolate and segregate the disabled, and that discrimination against disabled individuals continues to be a serious and pervasive social problem. 42 U.S.C. § 12101(a)(2).

As a general rule, ADA § 302(a) demands that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (and use) of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1085, n. 4 (9th Cir. 2004); *DRAC*, 375 F.3d at 866. Discrimination under this general rule includes an entity's failure to make its facility readily accessible to, and useable by, the disabled. 42 U.S.C. §§ 12188(a)(2), *citing* 12182(b)(2)(A)(iv) *and* 12183(a); *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 923 (9th Cir. 2001). To make out a *prima facie* case for the denial of "full and equal" enjoyment and use under ADA § 302(a), a plaintiff must allege and show that:

 1. Plaintiff is disabled
 2. Defendants own, operate or lease a public accommodation, and
 3. Plaintiff was denied full and equal treatment by the defendants because of his disability.

*Fortyune v. American Multi-Cinema, Inc.*, 2002 WL 32985838, *4 (C.D. Cal. Oct. 22, 2002), *affirmed* 364 F.3d 1075. If a disabled plaintiff seeks injunctive relief under ADA § 308(a)(2) – because an existing facility was not readily accessible to, and useable by, the disabled – the *prima facia* showing changes slightly, as that plaintiff must allege and show:

 1. Plaintiff is disabled
 2. Defendants own, operate or lease a public accommodation, and
 3. *Plaintiff was denied public accommodations by the defendants because of his disability.*

*Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2008) (italics added), discussing 42 U.S.C. § 12188(a)(2). Denial of public accommodation generally

means that an ADAAG violation, which relates to the plaintiff's disability, was present at a facility. *Miller v. Cal. Speedway Corp.*, 536 F.3d 1020, 1025 (9th Cir. 2008); *Coast Resorts, Inc.*, 267 F.3d at 923. A disabled plaintiff does not need to actually encounter or have actual knowledge of every ADAAG violation to seek injunctive relief under Title III of the ADA; he need only know or encounter a single ADAAG violation to remove all of the violations from a facility. *Doran v. 7-Eleven, Inc.*, 524 F.3d at 1043-44, citing, *inter alia*, 42 U.S.C. § 12188(a)(2). Nor does an entity's compliance with the ADAAG preclude a claim based on the denial of full and equal enjoyment (and use) of a facility. *Fortyune*, 364 F.3d at 1084-1085.

**B.   California's Unruh Civil Rights Act**

The Unruh Act operates virtually identically to the ADA. Calif. Civil Code § 51(b) ("All persons within the jurisdiction of this state are free and equal, and no matter what their … disability [or] medical condition … are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."). In fact, any violation of the ADA necessarily constitutes a violation of the Unruh Act. Calif. Civil Code § 51(f). Unlike the ADA, however, the Unruh Act allows for monetary damages; victims of discrimination may obtain actual damages, as well as "any amount that may be determined by a jury … up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars." Calif. Civil Code § 52(a). The litigant need not prove he suffered actual damages to recover the independent statutory damages of $4,000. *Paul McNally Realty*, 216 F.3d at 835. A litigant may also receive injunctive relief to remedy any Unruh Act violation. *Burks v Poppy Constr. Co.*, 57 C2d 463, 470 (1962).

## ANALYSIS

Having established the legal framework for a discrimination claim under state and federal law, Vogel will "put it all together" by showing how he is entitled to statutory damages and injunctive relief under state and federal law:

**A.   Plaintiff is Disabled**

As a person who must use a wheelchair for mobility, Vogel is clearly a person with a disability as defined by state and federal law. 42 U.S.C. § 12102(2)(A); Calif. Civil Code § 51(e)(1), incorporating Calif. Gov. Code 12926.

**B.   Defendant Operated a Public Accommodation**

A private entity qualifies as a place of public accommodation under state and federal law if it is doing business with the public and if it meets one of several categories, one of which is a sales establishment. 42 U.S.C. § 12181(7)(E); Calif. Civil Code § 51(b). Because the store is a sales establishment, the defendant clearly had a duty to comply with the anti-discrimination provisions set forth in the ADA and California law.

**C.   Plaintiff was Denied (1) Public Accommodations, and (2) Full and Equal Access**

Finally, Vogel has a receipt and photographs that not only evinces his visit to the store but the architectural barriers that prevented him from enjoying full and equal access. In particular, the access aisle is too narrow and has slopes and cross slopes that exceed 2% and there is no "van accessible" parking – both of which are problematic for wheelchair users. *See, e.g.,* 36 CFR Part 1191, App. D, §§ 208.3.1, 502.4, and CBC § 1129B.3.1 (access aisle); 36 CFR Part 1191, App. D, §§ 208.3.1, 502.6, Manual of Uniform Traffic Control Devises (MUTCD) 2B-16, Figs. R-99, R-7-8b, 2B-16 (2012 ed.), and CBC §§ 2-522(2), 2-7102(e) (1986) (van accessible parking spaces required). Because these

barriers relate to his disability, Knight denied Vogel "public accommodations"; and, because those same elements caused him difficulties, Knight also denied him full and equal enjoyment under both the ADA and California law. *M.J. Cable, Inc.*, 481 F.3d 724, 730.

### D.  Injunctive Relief

Having violated the design and construction requirements of the ADA, and denied Vogel full and equal enjoyment under the same, he is entitled to injunctive relief under ADA § 308(a)(2) to remove those architectural barriers and ADA § 308(a)(1) to take whatever other measures are necessary to provide him "full and equal enjoyment" of the store.  42 U.S.C. § 12188(a)(2), (1), respectively.  More importantly, because those same inaccessible elements also violated California law, Vogel is also entitled to injunctive relief under Unruh Act to remove the same.  Calif. Civil Code §§ 51(b), 51(f), 52(a).

### E.  Statutory Damages

Vogel's complaint and declaration establish one actual visit and two incidents of deterrence.  Under Section 55.56 of the California Civil Code, which establishes a strict criterion for the award of statutory damages under the Unruh Act, he is thus entitled to statutory damages in the amount of $12,000.

### F.  Attorney Fees

Local Rule 55-3 provides that a prevailing party is entitled to $1,320 in instances where the plaintiff takes the defendant's default and the damages are $12,000 (*i.e.*, $1,200 + 6% of $2,000 = $1,320).  This amount excludes costs.

### G.  Cost Awards

Local Rule 54-1 also provides that a prevailing party to a default judgment is entitled to an award of costs under Rule 54(d).  Here, Vogel incurred the following costs, as established by Local Rule 54-3: $350 in filing fees, (L.R. 54-3.1); $60 in fees for service of process, (L.R. 54-3.2); and $9.20 in copying

costs, at 10¢ per page, for 92 pages of Mandatory Chambers Copies, (L.R. 54-3.10(a)) – a total of $419.20.

## CONCLUSION

Based on the foregoing authorities and analysis, plaintiff respectfully requests this Court enter judgment in the amount of $13,739.20 against Knight, which breaks down as follows:

| | |
|---|---|
| Statutory Damages | $12,000.00 |
| Attorney Fees | $1,320.00 |
| Costs | $419.20 |

He would also demand injunctive relief under the ADA and Unruh Act, requiring Knight to bring the store into compliance with the ADAAG and CBC.

Dated: April 24, 2013            Disabled Advocacy Group, APLC

*/s/   Lynn Hubbard*
LYNN HUBBARD III
Attorney for Plaintiff